UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RAYMOND PALMER<br>28241 Center Ridge Road, Apt. D5<br>Westlake, OH 44145<br><br>On behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>CUYAHOGA COUNTY<br>c/o County Executive Armond Budish<br>Cuyahoga County Administrative Offices<br>2079 East Ninth Street<br>Cleveland, OH 44115<br><br>Defendant. | CASE NO.<br><br>JUDGE<br><br>Magistrate Judge<br><br><br><br><br><br><br><br>**PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARD ACT AND STATE LAW** |

Plaintiff Raymond Palmer, through counsel, respectfully files this Class and Collective Action Complaint against Defendant Cuyahoga County.

## INTRODUCTION

1. This case challenges practices of Defendant by which it willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15, and Ohio's common law of unjust enrichment.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of

himself and other "similarly-situated" persons who may join the case pursuant to § 216(b) ("Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons, defined herein, who assert factually-related claims under the Ohio's Prompt Pay Act and Ohio's common law of unjust enrichment (the "Class Members").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because the Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7. At all times relevant, Plaintiff Raymond Palmer was a citizen of the United States and a resident of Cuyahoga County, Ohio, and was an employee of Defendant within the meaning of 29 U.S.C. § 203(e).

8. Plaintiff consents to join this action and his signed consent form is attached hereto.

9. At all times relevant, Defendant Cuyahoga County was an employer within the meaning of 29 U.S.C. § 203(d), and an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(C).

**FACTUAL ALLEGATIONS**

10. At all times relevant, Plaintiff, the Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all Class Members worked for Defendant as non-exempt Corrections Officers at the Cuyahoga County Corrections Center, and paid on an hourly basis.

11. Plaintiff, the potential Opt-Ins, and all Class Members were regularly scheduled to work forty-hour weeks at the Cuyahoga County Corrections Center and did, in fact, regularly work over forty hours workweeks.

12. For roughly the first eight weeks of employment, Corrections Officers at the Cuyahoga County Corrections Center, including Plaintiff, are required to undergo training, first in a classroom setting, and then in an inmate pod.

13. At the end of each day of classroom training, and into the period of on-the-pod training for many Corrections Officers-trainees, Defendant issues homework that must generally be completed and turned in the following morning.

14. If Corrections Officers in training do not complete their assigned homework and turn in the completed assignment the following morning, they are subject to discipline.

15. Defendant's Corrections Officers are compensated solely on the basis of their clocked hours, and at the beginning and end of their scheduled shifts, Corrections Officers are required to clock in and out on a time clock located in the Cuyahoga County Corrections Center.

16. As a result, Corrections Officers have no ability to be compensated for time spent on their required training homework.

17. The FLSA and Ohio law required Defendant to pay Corrections Officers for all hours they were "suffer[ed] or … permit[ted] to work." 29 U.S.C. § 203(g); O.R.C. § 4111.03(D)(1).

3

18. Defendant did not pay Plaintiff, the potential Opt-Ins, and the Class Members for all of the hours they were suffered or permitted to work. Rather, Defendant mandated that training homework be completed off-the-clock and without compensation.

19. Absent Defendant's failure to pay for all hours worked by the practice described in Paragraphs 12 through 16, Plaintiff, the potential Opt-Ins, and the Class Members would have received overtime compensation or additional overtime compensation.

20. Defendant knew that it required daily off-the-clock work by Plaintiff, the potential Opt-Ins, and the Class Members, knew that these Corrections Officers were entitled to compensation for that work, and knew that, through the acts described above, it was denying these Corrections Officers compensation that was due and owing.

21. Defendant intentionally and willfully circumvented the requirements of the FLSA and state law. Defendant designed its training homework assigning practice in an attempt to reduce Corrections Officers' paid hours and circumvent federal and state wage-and-hour laws.

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

23. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of themselves and other employees similarly situated."

24. The Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA and Ohio law violations consist of:

> All full-time Cuyahoga County Corrections Officers that were hired and underwent a training period during the period three years preceding the commencement of this action to the present.

25. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were subject to and injured by Defendant's unlawful timekeeping and payroll practices, and all have the same claims against Defendant for unpaid overtime compensation, as well as for liquidated damages, attorneys' fees, and costs.

26. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary, and all such persons were sent a Court-authorized notice informing them of the pendency of the action and giving them the opportunity to "opt in."

27. Upon information and belief, the number of similarly situated persons exceeds 500 persons.

## CLASS ACTION ALLEGATIONS

28. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

29. Plaintiff brings this case on behalf of himself and other members of a proposed Class, defined as:

> All full-time Cuyahoga County Corrections Officers that were hired and underwent a training period during the period two years preceding the commencement of this action to the present.

30. The Class Members are so numerous that joinder of all Class Members is impracticable.  Plaintiff avers, upon information and belief, that the Class Members total in excess of 500 employees.  The number of Class Members as well as their identities are ascertainable from Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law.  29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

31. Questions of law or fact common to the Class Members predominate, including but not limited to:

   a) Whether Defendant required Plaintiff and other Class Members to perform unpaid work;

   b) Whether Defendant knew or should have known that Class Members were working off-the-clock, but still failed to pay them;

   c) Whether Defendant violated Ohio law by failing to timely pay Class Members for all hours worked on a semi-monthly basis, and never rectifying that failure to pay in a timely manner; and

   d) Whether Defendant deprived Plaintiff and other Class Members of overtime compensation at one and one-half times their "regular rate" for hours worked in excess of forty hours in a workweek.

32. Plaintiff's claims are typical of the claims of other Class Members. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other Class Members.

33. Plaintiff will fairly and adequately protect the interests of the Class Members. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class Members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Class Members in this case.

34. The questions of law or fact that are common to the Class Members predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class are common to the class as a whole, and predominate over any questions affecting only individual Class Members.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and

demands on court resources. Many Class Members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Overtime Violations)**

36. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to be a party to this action pursuant to § 216(b) is filed herewith.

38. The FLSA required Defendant to pay its non-exempt employees overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

39. Defendant failed to pay overtime compensation to Plaintiff and the potential Opt-Ins for all hours worked in excess of forty hours in a workweek. As more fully described above, Defendant, in violation of law, required Plaintiff and the potential Opt-Ins to perform off-the-clock throughout their training period.

40. By engaging in this practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

41. As a result of Defendant's violations of the FLSA, Plaintiff and the potential Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to an award of unpaid overtime compensation, as well as "an additional equal amount as liquidated damages." Section 216(b) further provides

that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Prompt Pay Act Violations)

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A), provides that "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

44. Defendant failed to pay all wages due under Ohio's Prompt Pay Act to Plaintiff and the Class Members, entitling them to the unpaid wages, plus "an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

## COUNT THREE
### (Unjust Enrichment)

45. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46. Plaintiff and the Class Members conferred a benefit on Defendant by working many hours for which they received no compensation.

47. Defendant knew it was receiving a benefit by retaining and utilizing Plaintiff's and the Class Members' labor while providing no compensation. Defendant intentionally designed its compensation structure so as to obtain that benefit for itself.

48. Defendant obtained the benefit of Plaintiff's and the Class Members' labor under circumstances by which it would be unjust for Defendant to do so without payment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other Class Members;

C. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Class Members;

D. Award compensatory damages to Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

E. Award compensatory damages to Plaintiff and the Class Members pursuant to Ohio Rev. Code Ann. § 4113.15 in the amount of their unpaid wages, as well as liquidated damages in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater;

F. Award compensatory damages to Plaintiff and the Class Members in the amount by which Defendant was unjustly enriched by their unpaid labor; and

G. Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)
Kathleen Harris (0088079)
4106 Bridge Ave.
Cleveland, OH  44113
216-285-9991
Fax: 888-604-9299
scott@tittlelawfirm.com

katie@tittlelawfirm.com

Attorney for Plaintiff

JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

s/ Scott D. Perlmuter<br>
Scott D. Perlmuter (0082856)