## AGREEMENT OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Northern District of Ohio, Eastern Division, this Agreement of Settlement and Release is entered into between Plaintiff Raymond Palmer, on behalf of himself and the Opt-In Plaintiffs named below, and Defendant Cuyahoga County, this 10th day of April, 2024.

### DEFINITIONS

1. "Action" shall mean the civil action in the United States District Court for the Northern District of Ohio, Eastern Division entitled *Raymond Palmer v. Cuyahoga County*, Case No. 1:22-cv-01515 in the U.S. District Court, Northern District of Ohio.

2. "Settlement Agreement" shall mean this Agreement of Settlement and Release.

3. "Plaintiffs," unless otherwise specified, shall mean and include the named Plaintiff in the Action, Raymond Palmer, and all Opt-Ins. When used separately, "Opt-Ins" means the Opt-In Plaintiffs who joined the Action by submitting consent forms filed with the Court, namely Mia Radford, Shannon Taylor, Tiesha Edwards, Erika Kirts, Chris Daddario, Brittany White, Gregory Harrison, Michelle Yirkew, LaShawn Pate, John Steele, Ashley Parish, Bryan Smith, Voyice Clark, Anthony George, Iisha Jones, Gwendetta Salter, Candy Ciganek, Lashonda Cannon, Lynzhoniah Swain, Alesha Harris, Moneica Townsend, LaKeisha West, Tenique Scott, Timothy Richardson, Joyce Jones, Stephanie Graham, Everett Williams, Chantelle Carr, Nathan Lubanski, Kiera Newsome, Justine Howard, Christopher Stephens, Robin Garay, Brian Bond, Desiree Cogar, Rolanda Morris, Yazmene Hyneman, Muhammad Umar, Ericka Brooks, Kirah Jefferson, Michael Gorny, Brandy Crews-Boggs, Ciara Shannon, Rochelle Holmes, David Duncan, Kasha Watley, John Borowski, Christopher Woodruff, Tyra Swanson, Marvin Simms, Joseph Clark, Kelli Leeth, Sonja Wakeel, Maurice Parker, Sundra Brown, and Dominique Null.

4. "Plaintiffs' counsel" shall mean Scott D. Perlmuter, of Tittle & Perlmuter.

5. "Defendant" shall mean Cuyahoga County and shall include all of Cuyahoga County's current and former officials, executives, employees, agents, insurers, attorneys, parents, predecessors, successors, subsidiaries, and related and affiliated entities in their individual and official capacities.

6. "Parties" shall mean the Plaintiffs and Defendant, as defined above.

7. "Released Period" shall mean the period beginning three years prior to the date the Action was filed and ending on the date the Court enters a final order approving the Settlement.

8. "Effective Date" shall be the date on which the Court enters a final order approving the settlement in a form substantively conforming to the Proposed Final Order attached to the Parties' Joint Motion to Approve Settlement as Exhibit 3.

## RECITALS

9. This Settlement resolves bona fide disputes involving wage-and-hour claims under the FLSA, 29 U.S.C. §§ 201-219, and corresponding provisions of Ohio wage-and-hour law.

10. The Parties are represented by experienced counsel. Extensive investigation was conducted on both sides and settlement negotiations were rigorous. The Parties believe the resulting agreement appropriately balances the expenses, risks, and possible outcomes of protracted litigation on the merits. For the Plaintiffs, the proposed settlement will eliminate the risk and delay of litigation and make substantial payments available to all.

11. Therefore, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties do hereby settle, compromise, and resolve any and all claims specified herein, as follows.

### III. APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION

12. **Fair, Adequate, and Reasonable Settlement.** The Parties agree that the Settlement is fair, adequate, and reasonable and will so represent to the Court. The individual allocations to Raymond Palmer and the Opt-Ins are proportionate to their respective damages as estimated by Plaintiffs' counsel based upon their actual workweeks, hours worked, and potentially recoverable damages.

13. **Cooperation.** The Parties agree to cooperate and take all steps necessary to accomplish and implement the terms of this Settlement Agreement.

14. **Joint Motion for Approval of Settlement.** Within one week after the execution of this Agreement, the Parties will jointly move the Court to approve the proposed settlement of the Plaintiff's and Opt-Ins' claims pursuant to the FLSA, 29 U.S.C. § 216(b).

15. **Final Order.** The Joint Motion for Approval of Settlement will ask the Court to enter a Proposed Final Order approving the settlement and entering final judgment dismissing all claims against Defendant, with prejudice.

### SETTLEMENT PAYMENTS

16. **Total Settlement Amount.** Defendant will pay the sum of One-Hundred and Fifty Thousand Dollars ($150,000.00) in final and complete settlement of the Action.

17. **Individual FLSA Payments to Plaintiffs.** Subject to the Court's approval, the Total Settlement Amount, after deduction of the service award, attorneys' fees, and litigation costs, will be distributed to Plaintiffs according to the Table of Individual Payments attached to the Joint Motion for Approval of Settlement as Exhibit 2. The allocations are proportionate to their respective damages as estimated by Plaintiffs' counsel.

18. **Service Award and Retaliation Claim Settlement Amount.** From the Total Settlement Amount, Plaintiff Raymond Palmer will receive a service award of $3,500.00 in recognition of his assistance to Plaintiffs' Counsel and his substantial contribution to achieving the settlement on behalf of himself and the Opt-Ins.

19. **Attorneys' Fees and Litigation Costs.** From the Total Settlement Amount, the sum of $54,000.00 will be distributed to Plaintiffs' Counsel, consisting of $44,656.59 in attorneys' fees and $9,343.41 in reimbursement of litigation costs.

20. **Tax Treatment, OPERS Contributions, and Reporting.** The Individual FLSA Payments to the Plaintiffs will be treated as wage payments subject to deduction of the employee share of applicable taxes and withholdings required by federal, state, and local law, and reported to the appropriate taxing authorities on Forms W-2. Furthermore, Plaintiffs will be responsible for their share of contributions to the Ohio Public Employees Retirement System (OPERS) which shall be withheld by the County and remitted to OPERS, and the County will be responsible for and pay its share of contributions to OPERS for each Plaintiff. Defendant will be responsible for the employer's share of any FICA withholding and will withhold and remit to the relevant taxing authorities any applicable taxes on Plaintiffs' wage portion of the settlement payment. Defendant will determine the proper tax withholding amounts on the W-2 payments in accordance with each Class Member's most recent tax withholding status with Defendant. The service award will be considered non-wage income and reported to appropriate taxing authorities on a Form 1099 to Raymond Palmer. Attorneys' fees and costs will be considered non-wage income and reported to the appropriate taxing authorities on a Form 1099 to Tittle & Perlmuter.

## SETTLEMENT ADMINISTRATION

21. **Opt-In Addresses.** Defendant will issue the Individual Payments and tax forms using the addresses provided by Plaintiffs' Counsel or, if Plaintiffs' Counsel provides no address for an Opt-In, Defendant will issue payments to last known addresses as contained in Cuyahoga County's records. If Plaintiffs' Counsel receives updated mailing addresses at any time, Plaintiff's Counsel will immediately notify Defendant's Counsel of the change in address.

22. **Distribution of Individual Payments.** Defendant will issue Individual Payments to the Plaintiffs within forty-five days of the Effective Date. Defendant will issue said checks according to pre-tax amounts approved by the Court in the Table of Individual Payments. If any checks are returned undeliverable to Defendant, Defendant will mail the checks to Plaintiffs' counsel who shall make reasonable efforts to locate and forward the same to the Plaintiffs. Should Plaintiff's counsel be unable to forward such checks, they shall redeliver the checks at no charge to Defendant.

23. **Distribution of Service Award, Attorneys' Fees, and Litigation Costs.** Within forty-five days after the Effective Date, Defendants will deliver checks for the Service Awards and the attorneys' fees and reimbursed litigation costs to Tittle & Perlmuter at 4106 Bridge Ave., Cleveland, OH 44113.

24. **Unclaimed Payments.** If any of the Plaintiffs fail to negotiate their check for their Individual Payment or inform Plaintiffs' Counsel that their check has become lost or void within 180 calendar days of issuance by the Defendant, Defendant will retain the value of every such check.

## RELEASE OF CLAIMS

25. **Claims Released by Raymond Palmer only.** Plaintiff Raymond Palmer, on behalf of himself and his past and present executors, administrators, representatives, agents, heirs,

successors, assigns, and trustees, knowingly and voluntarily releases, waives and forever discharges Defendant and any of its current and/or former officials, officers, successors, subsidiaries, servants, agents, and employees, their heirs, executors, administrators, representatives, successors, agents, assigns or beneficiaries of and from any and all claims, known and unknown, asserted or unasserted, which Plaintiffs have or may have against Defendant and any of its current and/or former officials, officers, successors, subsidiaries, servants, agents, and employees, their heirs, executors, administrators, representatives, successors, agents, assigns or beneficiaries as of the date of execution of this Settlement Agreement, including, without limitation, any alleged violation of: The Family and Medical Leave Act; The Fair Labor Standards Act; Title VII of the Civil Rights Act of 1964; Ohio's Prompt Pay Act; Sections 1981 through 1988 of Title 42 of the United States Code; The Employee Retirement Income Security Act of 1974 ("ERISA")(except for any vested benefits under any tax qualified benefit plan); The Immigration Reform and Control Act; The Americans with Disabilities Act of 1990, as amended; The Genetic Information Nondiscrimination Act of 2008; The Age Discrimination in Employment Act of 1967 ("ADEA"); The Older Workers Benefit Protection Act ("OWBPA"); The Equal Pay Act; The Workers Adjustment and Retraining Notification Act; The Fair Credit Reporting Act; The Uniformed Services Employment and Reemployment Rights Act of 1994; The National Labor Relations Act; Ohio Civil Rights Act, Ohio Rev. Code § 4112.01 et seq.; Ohio Age Discrimination in Employment Act, Ohio Rev. Code § 4112.14; Ohio Whistleblower Protection Act, Ohio Rev. Code § 4113.51 et seq.; Ohio Minimum Wage Standards Act; Ohio Statutory Provisions Regarding Retaliation/Discrimination for Pursuing a Workers Compensation Claim, Ohio Rev. Code § 4123.90; Ohio Uniformed Services Employment and Reemployment Act, Ohio Rev. Code §§ 5903.01, 5903.02; the Ohio Military Family Leave Act, Ohio Rev. Code § 5906.01, et seq.; any

other federal, state or local law, rule, regulation, or ordinance and the common law; any claim that Defendant or any of the Released Parties or any of their respective current or former managers, officers, owners, employees, directors or supervisors, jointly or severally, breached or interfered with any express or implied contract, duty, promise, term or condition towards; any claim for promissory estoppel, violation of public policy, infliction of mental or emotional distress, loss of consortium, invasion of privacy, false light, fraud, fraud in the inducement, negligence, intentional tort, breach of express or implied contract, or defamation; and/or; any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters. Notwithstanding the foregoing, this release shall not include any claims for workers' compensation benefits. Nothing in this Agreement prohibits or prevents Plaintiff Raymond Palmer from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. The Released Period shall mean the period from the beginning of time through the Effective Date of this Agreement.

26. **Claims Released by the Opt-Ins**. The Opt-Ins release and forever discharge Defendant, together with its former and current officials, executives, officers, directors, employees, agents, attorneys, insurers, parents, predecessors, successors, subsidiaries, and related and affiliated entities, including all Cuyahoga County branches and departments, from any and all claims for unpaid wages, liquidated damages, and attorneys' fees arising on or before the Effective Date, arising under the Fair Labor Standards Act.

27. **Release of Attorneys' Fees and Expenses.** The payment of attorneys' fees and expenses to Plaintiffs' Counsel includes all the attorneys' fees and expenses that will be paid to Plaintiffs' counsel. In consideration for these attorneys' fees and expenses, Plaintiffs' Counsel

waive all claims to any further attorneys' fees and expenses in connection with the lawsuit, unless Defendant is found to have breached this Agreement.

28. The releases in Paragraphs 24, 25, and 26 become effective on the Effective Date.

## **GENERAL PROVISIONS**

29. **Court Approval.** This Agreement is conditioned upon approval by the Court. If the Court denies preliminary or final approval, the Action will resume as it existed prior to the execution of this Agreement.

30. **No Admission.** Nothing contained in this Settlement Agreement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendant, and Defendant deny any such liability. Each Party has entered this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

31. **Construction.** The Settlement shall be governed by and construed in accordance with the laws of the State of Ohio. The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement Agreement.

32. **Modification.** This Settlement Agreement may not be changed, altered or modified, except in a writing signed by the Parties and approved by the Court.

33. **Integration.** This Settlement Agreement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating

Case: 1:22-cv-01515-BMB  Doc #: 30-1  Filed: 04/10/24  9 of 10.  PageID #: 264

to the resolution of the Action, are merged in this Settlement Agreement. No rights under this Settlement Agreement may be waived except in writing signed by the Parties.

34. **Assigns.** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

35. **Counterparts.** This Settlement Agreement may be executed in counterparts. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

36. **Jurisdiction.** The parties request that the Court retain jurisdiction to enforce the terms of the Settlement and this Settlement Agreement.

IN WITNESS WHEREOF, the parties have signed this Agreement on the dates set forth with their signatures.

**SO AGREED:**


For Raymond Palmer:

*[signature]*


*s/ Scott D. Perlmuter*
SCOTT D. PERLMUTER (0082856)
Tittle & Perlmuter
4106 Bridge Avenue
Ph: (216) 222-2222
Fax: (888) 604-9299
scott@tittlelawfirm.com

*Counsel for Plaintiffs*

For Cuyahoga County:

Dated: 4/10/24

COUNTY OF CUYAHOGA

_____
Christopher Ronayne, Cuyahoga County Executive, or designee pursuant to Executive Order No. EO2023-0003, dated July 6, 2023.

APPROVED AS TO LEGAL FORM BY:

_____       4/10/24
David Lambert, Civil Chief, Cuyahoga County       Date
Prosecutor's Office  Gregory G. Huth
                     Ass't. Law Director