UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RAYMOND PALMER, on behalf of himself and all others similarly situated, | Case No. 1:22-cv-01515 |
| Plaintiff, | Judge BRIDGET MEEHAN BRENNAN |
| vs. | |
| CUYAHOGA COUNTY, | **ORDER OF DISMISSAL AND APPROVING SETTLEMENT** |
| Defendant. | |

This matter is before the Court on the Parties' Joint Motion for Approval of Collective Action Settlement and pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve as fair and reasonable the proposed settlement reached by the Parties and memorialized in the Agreement of Settlement and Release ("Settlement Agreement"), which is attached to the Joint Motion as Exhibit 1.

Having reviewed the Joint Motion and its exhibits - the Settlement Agreement, the Table of Payments, and the Declaration of Scott Perlmuter - and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Stipulated Order of Dismissal and Approving Settlement, and in doing so, the Court approves the Settlement Agreement, the proposed allocation and calculation of payments, and the proposed attorneys' fees and expense reimbursements to Plaintiff's Counsel as follows:

1. The captioned Action asserts wage-and-hour claims under the FLSA, 29 U.S.C. § 201, *et seq.*, and under Ohio state law, on behalf of current and former corrections officers of Defendant Cuyahoga County, who were allegedly not paid all compensation, including overtime

1

compensation at the rate of one and one-half their regular rate of pay for all hours they allegedly worked over forty (40) each workweek.

2. On August 25, 2022, Plaintiff Raymond Palmer filed this Action as a collective action under the FLSA and as a class action pursuant to Federal Rule of Civil Procedure 23 alleging violations of the FLSA, Ohio contract and quasi-contract based on Defendant's alleged failure to pay corrections officer in training, including Plaintiff, all compensation to which they were allegedly entitled.

3. Specifically, Plaintiff initially alleged in his Complaint that Defendant failed to pay corrections officers for homework assigned during the orientation phase of his employment.

4. Since the filing of this Action, the Parties engaged in discovery regarding Plaintiff's claims and Defendants' defenses to such claims. Discovery revealed additional allegations regarding Defendant's practices regarding paying for corrections officers' pre-shift and post-shift time.

5. The Parties engaged in extensive factual and legal discussion and correspondence surrounding Plaintiff's theories, the propriety of class and/or collective action treatment, and Defendants' defenses whereby the Parties provided legal authority and arguments on both sides.

6. On February 26, 2024, the Parties engaged in mediation before United States Magistrate Judge Thomas Parker and reached an agreement to settle the Action on the terms set forth in the Agreement of Settlement and Release, which is attached to the Joint Motion as Exhibit 1.

7. The Settlement will cover Plaintiff Palmer and all of the Opt-Ins (identified in Agreement of Settlement and Release) who elected to participate in this lawsuit by executing and returning Consent Forms ("Opt-Ins").

8. The Agreement of Settlement and Release provides that, in consideration of settlement payments, the claims of the Plaintiff Palmer will be globally released and dismissed with prejudice. The Agreement of Settlement and Release further provides that, in consideration of settlement payments, the Fair Labor Standards Act claims of Opt-Ins who elected to participate are to be released and dismissed with prejudice.

9. The Court finds that the proposed settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the settlement resulted from arms'-length negotiations between experienced counsel after substantial investigation and was facilitated during mediation conducted by United States Magistrate Judge Thomas Parker. Plaintiff's Counsel has informed the Court that he believes the settlement is fair, reasonable, and adequate and in the best interests of the Plaintiff and Opt-Ins. The Court has considered all relevant facts, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the settlement; and the experience and views of counsel for the Parties.

10. The Court approves the settlement, including the Agreement of Settlement and Release, and orders that the settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants final approval of the settlement as to the Plaintiff and all Opt-Ins.

11. The Court finds that the proposed allocation and calculation of the individual payments to Plaintiff Raymond Palmer and the Opt-Ins is fair and reasonable. The Court approves the method of calculation and proposed distribution of the individual payments.

12. The Court approves the payment of attorneys' fees and expense reimbursements to Plaintiff's Counsel as provided in the Agreement of Settlement and Release, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth therein.

13. The Court approves the payment of the Service Award to Plaintiff Raymond Palmer, which constitutes an award for serving as the representative plaintiff in this Action. Further, the Court orders that such Settlement Payment be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement of Settlement and Release.

14. The Court dismisses the claims of the Plaintiff Raymond Palmer and the Opt-Ins with prejudice, and enters final judgment dismissing them from the Action. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Stipulated Order of Dismissal and Approving Settlement immediately.

15. The Court retains jurisdiction over the Action to enforce the terms of the Settlement, including the distribution process.

**SO ORDERED:**

Date: April 19, 2024

_____
Bridget Meehan Brennan
United States District Judge

**SO STIPULATED:**

/s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)
TITTLE & PERLMUTER
4106 Bridge Avenue
Cleveland, Ohio 44113
Ph: (216) 222-2222
Fax: (888) 604-9299
scott@tittlelawfirm.com

*Plaintiff's Counsel*

<u>s/ Brendan Healy</u>
BRENDAN D. HEALY (0081225)
REGINA A. RUSSO (0100295)
Assistant Prosecuting Attorneys
The Justice Center, Courts Tower
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113
Tel: (216) 698-6447
Fax: (216) 443-7602
Email: bhealy@prosecutor.cuyahogacounty.us